IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY L. THORN,

                    Plaintiff,

vs.                                                     No. CIV 03-1398 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

                    Defendant.


MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Reverse and Remand for

a Rehearing filed on May 12, 2004. [docket # 11]  Plaintiff seeks judicial review of a final decision

of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability

insurance benefits or supplemental security income.  The Court, having considered Plaintiff's Motion

and Memorandum Brief [docket # 12], Defendant's Response [docket # 13], Plaintiff's Reply [docket

# 14], the administrative record and applicable law, finds that Plaintiff's Motion should be

GRANTED, and that this matter should be remanded to the Commissioner for an entry of an award

of disability benefits in Plaintiff's favor in accordance with this Memorandum Opinion and Order.

I.  Background


Plaintiff filed his initial concurrent application for disability insurance benefits ("DIB") and

Supplemental Security Income Benefits ("SSI") under Title II and XVI of the Social Security Act on

March 13, 2002.  Tr. 67-69.  Plaintiff, who was born on August 16, 1951, worked as a locksmith,

Tr. 94, before the onset of his alleged disability.  Plaintiff alleged that he became unable to work as

a result of his disabling conditions on September 20, 2001.  Tr. 67.  Plaintiff alleged that he was

disabled primarily as a result of depression and personality disorder.  Tr. 44.  Plaintiff also has

hepatitis C, high cholesterol, and chronic alcoholism.  Tr. 139.  After Plaintiff's application was

denied at the initial level, Tr. 44, and at the reconsideration level, Tr. 45, Plaintiff appealed by filing

a request for hearing by an administrative law judge ("ALJ") on September 26, 2002.  Tr. 57-58.

The hearing before the ALJ was held on March 6, 2003, at which Plaintiff appeared and was

represented by an attorney. Tr. 26, 27-43.  In a decision dated March 26, 2003, the ALJ denied

Plaintiff's claims for DIB and SSI. Tr. 13-21.  Plaintiff then filed a request for review with the

Appeals Council on April 28, 2003, Tr. 7-12.  The Appeals Council denied Plaintiff's request for

review on October 31, 2003, Tr. 4-6, and thereby rendered the ALJ's decision the final decision of

the Commissioner of Social Security ("Commissioner").  *See* 20 C.F.R. §§ 404.981, 416.1481

On December 8, 2003, Plaintiff filed this action for judicial review of the Commissioner's final

decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  After consent by the parties,

(Docket # 3 and #5) this case was reassigned to the undersigned United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported

by substantial evidence and whether correct legal standards were applied.  *Andrade v. Secretary of*

*Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  In determining whether the

Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the

evidence, nor should it substitute its judgment for that of the Commissioner.  *Glass v. Shalala,* 43

F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to

determine whether the Commissioner's decision is supported by "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative

work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  Tr. 16.  The ALJ found at step two that Plaintiff had severe impairments of major depression and personality disorder, Tr. 6, but found at step three that Plaintiff's impairments were not severe enough to meet any of the Listings.  Tr. 16-17.  At step four, the ALJ found that the Plaintiff's physical problems, including hyperlipidemia (high cholesterol), hepatitis C, gastroesophageal reflux, chronic alcoholism and nicotine dependency, were not severe enough to produce significant exertional limitations or restrictions.  Tr. 17.  The ALJ found that Plaintiff was moderately limited in his ability to maintain social functioning and concentration, persistence and pace, and retained the ability to perform the mental abilities of basic work activities with a limited but still satisfactory ability to interact with the public and with supervisors and co-workers.  Tr. 20.  Given this RFC assessment, the ALJ found that Plaintiff could perform his past relevant work as a locksmith.  Tr. 21 .  In so doing, the ALJ rejected the opinions of claimant's treating doctors, who had opined that claimant was unable to work.  Tr. 19.  In view of the Step 4 finding that Plaintiff was not disabled, it was unnecessary for the ALJ to proceed to step five.  20 CFR 404.1520 and 416.920.

Plaintiff contends that the ALJ erred at step four by rejecting the treating doctors' opinions that Plaintiff was unable to work.  Plaintiff also argues that it was error for the ALJ to find at step four that Mr. Thorn could perform his past relevant work as a locksmith.  Defendant contends that the ALJ properly discounted the opinions of the treating doctors.

Neither party contends that the ALJ's finding regarding Plaintiff's physical ailments was erroneous.

## IV.  Discussion

### 1.  Whether the ALJ Erred at Step Four of the Sequential Analysis By Rejecting the Opinions of Plaintiff's Treating Doctors

The issue in this case is whether the ALJ was justified in discounting the opinions of Plaintiff's treating doctors and crediting the opinion of the doctors who performed the consultative psychological evaluation on behalf of the Commissioner.  A treating physician's opinion generally is favored over that of a consulting physician, *see Reid v. Chater*, 71 F.3d 372 (10th Cir. 1995); *accord.*, *Sorenson v. Bowen*, 888 F.2d 706, 711 (10th Cir. 1989).  The reports of physicians who have treated a patient over a period of time or who are consulted for purposes of treatment are given greater weight than are reports of physicians employed and paid by the government for the purpose of defending against a disability claim."  *Broadbent v. Harris*, 698 F.2d 407, 412 (10th Cir.1983).  The medical opinion of a treating physician can be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and if the opinion is not inconsistent with other substantial evidence in the individual's case record.  SSR 96-2p.

Mr. Thorn received psychiatric treatment from the University of New Mexico Center on Alcoholism Substance Abuse & Addictions.  (CASAA)  His treatment started January 29, 2002 and was ongoing through January 2003.  Tr. 280-314.  Mr. Thorn was treated by Dr. Cornelia Lange, Dr. A. T. Arizaga and Dr. Armijo.  He attended weekly, one-on-one sessions with a counselor, and was taking a variety of medications.  On February 21, 2002 and June 27, 2002 Dr. Lange prepared statements to the effect that Mr. Thorn had severe recurrent Major Depressive Disorder and would

be unable to work for the next year.  Tr. 217, 227.  Dr. Arizaga wrote a similar note on October 15, 2002.  Tr. 246.  A fourth note was received from Dr. Armijo, who assumed responsibility for Mr. Thorn's treatment in January 2003.  Tr. 245.  Dr. Armijo also concluded that Mr. Thorn was unable to maintain employment.

The opinions of these three treating physicians can be given controlling weight if (1) the opinions are well supported by medically acceptable clinical and laboratory diagnostic techniques and (2) if the opinions are not inconsistent with other substantial evidence in the individual's case record. SSR 96-2p.  The ALJ found that the opinions of the treating physicians were inconsistent with their own progress notes.  Tr. 19.  It does not appear that the ALJ questioned the clinical and laboratory diagnostic techniques utilized by CASAA.  Rather, he found that the treating doctors' opinions were inconsistent with other substantial evidence in the case record, namely, the doctors' own progress notes and the opinion of the consultative physician.

I disagree with the conclusion of the ALJ that there was inconsistency between the doctors' opinions and their progress notes.  There is no question that Mr. Thorn made progress, and reported to his treating physicians that he experienced only transient depression, Tr. 218, that "things were going pretty good," Tr. 284, as well as other similar statements.  However, it is equally true that Mr. Thorn was not working at the time this progress was made.  Evidence that Mr. Thorn was coping with his depression while not working is not evidence that he would have the same success coping with his depression while employed.  To the contrary, Mr. Thorn's three treating physicians believed that his progress resulted from his lack of employment, and the fact that he was not subjected to the stress of full-time employment.

While there may be circumstances that would allow the ALJ to disregard opinions such as the

6

opinions of the treating doctors at CASAA, perhaps an instance where the patient was, in fact, working full-time while concealing that fact from his doctors, those circumstances are not present here.  In this instance the ALJ has taken it upon himself to make his own medical diagnosis based upon the treatment records of Drs. Lange, Arizaga and Armijo.  An ALJ is not entitled to overstep his or her bounds into the province of medicine. *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) Nor is the ALJ free to substitute his own medical judgment for uncontroverted medical opinion. *Rose v. Shalala*, 34 F.3d 13, 18 (10th Cir. 1994).

In addition to rejecting the opinions of the treating physicians, the ALJ concurred with the opinion of the Administration's program physicians who concluded that Mr. Thorn was not disabled. The consultative psychological evaluation, Tr. 188-205, appears to have been performed by LeRoy Gabaldon. Tr. 190.  The report does not include a summary of Plaintiff's psychiatric history, does not indicate what, if any, medical records were reviewed, nor does it indicate the length of time spent with Plaintiff.  Section III of the report, Functional Capacity Assessment, requires the medical consultant to "Explain your summary conclusions in narrative form.  Include any information which clarifies limitation or function.  Be especially careful to explain conclusions that differ from those of treating medical sources or from the individual's allegations."  Tr. 190.  Dr. Gabaldon, however, provided nothing but conclusions in his response to this section, stating that "(h)is assertion of impairment does not appear to be consistent with available clinical and lay evidence."  There is no reference to Plaintiff's treating doctors, nor any indication that Dr. Gabaldon reviewed any of Plaintiff's medical records.  There is no description of the "available clinical and lay evidence."  Dr. Gabaldon's report is dated June 14, 2002.  The Commissioner's file shows that the Plaintiff's psychiatric treatment records from the University of New Mexico mental health clinic were not received until August 26,

2002.  Tr. 215.  There is a brief note dated August 27, 2002 and signed by Jill Blacharsh, M.D. which states: "Additional MER shows symptoms controlled with medication."  Tr. 190.  Again, however, there is no foundational evidence in the record to support the doctor's conclusory statement.

To the contrary, there is other relevant evidence in the record indicating that Plaintiff's depression was not controlled with medication.  Plaintiff was treated by doctors at Lovelace Health Systems in the spring of 2001, approximately one year before the consultative evaluation conducted by Dr. Gabaldon.  Among other physical ailments, he was treated for depression and episodes of rage, and was taking anti-depressive medication.  Tr. 146-148.  On June 7, according to Dr. James Russo, "it was exceeding  (sic) hot and he found that he just could not tolerate the heat.  He felt himself beginning to lose control of his temper.  He tried to call the Psychiatry office here at Lovelace but the logistics of making a connection were not successful and he got increasing (sic)  frustrated.  Finally, that night he ended up in the Emergency Center."  Tr. 138.  Dr. Russo placed Plaintiff on short-term psychiatric disability for approximately one month, Tr. 244, and released him to go back to work on July 5, 2001.  Tr. 139.

Plaintiff obtained new employment as a locksmith in July, Tr. 134, and lasted two and a half months before having another relapse.  He lost his job after not showing up for work and went on a three week drug and alcohol binge.  Tr. 177.  He checked himself into Turquoise Lodge on November 16, 2001 for treatment of substance abuse, Tr. 176, and was discharged on December 14, 2001 with a psychiatric referral and diagnosis of Depression, major recurrent, in partial remission.  Tr. 164.  Plaintiff started his psychiatric treatment at the University of New Mexico Mental Health Clinic on January 29, 2002.  Tr. 309-314.  As noted earlier, Mr. Thorn has made substantial progress only after being placed on long term disability, combined with the treatment provided by CASAA.

The court finds that the opinions of the program physicians are unsupported by any foundational evidence whatsoever, as noted above.  It further finds that the program physicians are recommending a course of treatment identical to the one that had failed less than a year before the physicians conducted their examination of claimant.  Evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).  The court finds the consultative psychological examination in this case falls short in both regards, and is not substantial evidence of lack of disability.

In summary, the court finds that the ALJ committed error when he disregarded the opinion of claimant's treating physicians, and finds further error in the ALJ's reliance upon the opinion rendered by the consultative psychologists in this case.  Additionally, for the reasons stated below the court finds that remand for an immediate award of benefits is appropriate at this time.

It is appropriate to remand for an immediate award of benefits where "additional fact-finding would serve no useful purpose but would merely delay the receipt of benefits."  *Harris v. Secretary of Health & Human Servs.,* 821 F.2d 541, 545 (10th Cir. 1987).  As noted above, the reports of treating physicians are given greater weight than are reports of physicians hired to perform consultative exams.  *Broadbent v. Harris*, 698 F.2d 407, 412 (10th Cir.1983).  The medical opinion of a treating physician can be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and if the opinion is not inconsistent with other substantial evidence in the individual's case record.  SSR 96-2p.  The court has already determined that the opinions offered by Mr. Thorn's treating physicians are not inconsistent with other substantial evidence in the case record.  The ALJ does not appear to have questioned whether

the CASAA physicians used medically acceptable clinical and laboratory diagnostic techniques[1].

Accordingly, the court finds that the opinions of claimant's treating physicians are entitled to controlling weight in this case.  However, even if those opinions were not entitled to controlling weight, they would still be entitled to great deference, and would still substantially outweigh the contrasting opinions offered by the program physicians, which lack any foundation.  Further fact-finding below would not alter the relative weight of the medical opinions in this matter, and therefore would constitute mere delay.

## V.  Conclusion and Summary

The court finds that the ALJ committed error when he rejected the medical opinions of claimant's treating physicians.  Further, the opinion offered by the consultative psychologist lacks the foundation necessary for it to be considered evidence at all, let alone substantial evidence.  Further fact finding would not change the fact that in this case the opinions of the treating physicians are entitled to the greater weight presumptively given to such opinions over the opinions of non-treating physicians.  Accordingly, this matter shall be remanded to the Commissioner of Social Security for an immediate award of benefits to the claimant.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand [docket # 11] is **GRANTED**, and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

---

[1]I will note, however, that Mr. Thorn might have been well served by more detailed reports from his physicians explaining why the apparent improvement reflected in their progress notes did not mean that Mr. Thorn was ready to return to full time work.

10

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**